TRANSPARENT RULER CO. ET AL.
*vs.*
C-THRU RULER CO. ET AL.

Superior Court      Hartford County      File No. 62659

MEMORANDUM FILED NOVEMBER 18, 1941.

*Isaac J. Kunik,* of Hartford, for the Plaintiffs.

*Gross, Hyde & Williams,* and *Apter & Nahum,* of Hartford, for the Defendants.

FOSTER, J.   The plaintiff, Meyer L. Aronson, has worked as a printer since 1907 and has owned and conducted his own printing business in Hartford since 1919.   He is a man of ordinary intelligence and is experienced in practical details of the printing business.   He is not, and does not claim to be, an expert in mathematics.   In 1922 Aronson invented a transparent ruler.   The invention consisted of a sheet of transparent material such as isinglass or celluloid, rectangular in form and of suitable dimensions, equally divided into a plurality of squares after the manner of section paper employed by engineers; the squares are formed by straight lines or rulings and in perpendicular arrangement and in accordance with the American standard rule, dividing the entire sheet into 1/8 inch or 1/16 inch squares.   He planned to secure a United States patent for the device and not only to use it in his own business, but also to sell it to those to whom it would be useful.   On March 28, 1922, Letters Patent No. 1410542 for the ruler were issued to Aronson by the United States.   In August, 1932, Aronson sold to William Zachs a half interest in the patent No. 1410542 and in other patents, improvements or extensions pertaining to the transparent ruler idea covered by such patent which might be invented or acquired by Aronson during the next 25 years.   Zachs conducted an upholstering business about half a mile away from the location of Aronson's printing business.   Aronson and Zachs then proceeded to form and organize the plaintiff corporation, the Transparent Ruler Company.   Aronson and Zachs in writing granted unto the Transparent Ruler Company an exclusive license to the use of the patent and the device therein described.

The defendant Jennie R. Zachs is a sister of William Zachs. From all the evidence and her appearance upon the witness stand it is found that she is a shrewd, cunning, energetic woman—selfish and unscrupulous.   Her attempts while on

the witness stand to deceive the court as to her education and mental attainments robbed her testimony of the element of credibility.

In 1932, Jennie R. Zachs was working part time for her brother, William Zachs, in his upholstering business and part time for the Transparent Ruler Company at the place where Aronson conducted his printing business. She and Aronson were in constant contact in the conduct of the ruler business, though she handled the mechanics of the office part of the business. Aronson opened the mail, did the packing and shipping, and with William Zachs, signed the checks. William Zachs did nothing for the ruler business, except sign checks with Aronson.

The Transparent Ruler Company increased the variety and size of its product. It embarked on several enterprises for the advertisement of its product. It received from users and prospective purchasers of its product numerous letters containing questions and suggestions as to variations of the form of the ruler and uses to which it might be put. One suggestion to be particularly noted came from the Department of Mathematics of the American University in Washington, D. C. It is in part as follows: "The celluloid sample you sent me—which I am returning herewith—seems to be about what I had in mind for weight. I had hoped that it might be possible to make a satisfactory rule, which might be sold, together with a pamphlet of directions for its use, for a dollar, or thereabouts. The rough device I sent you had all the scales actually needed for the plotting of curves in Analytic Geometry and Calculus, but might, perhaps, fill a larger need if a pair of the cross lines were scaled logarithmically. It has been my experience, in more than twenty-five years of teaching, that the simpler such a device can be kept, the more useful it will really be." Here it appears that the ruler may be used in mathematics, perforating the ruler with one hole so that a pin of some sort may be thrust through the hole to the paper and base upon which the ruler rests, thus holding that point of the ruler stationary at a point of center making such use possible. Aronson and Jennie R. Zachs saw here a possibility of improving the ruler and extending its use. They proceeded to manufacture such product and sell it without patenting the improvement at once.

The life of a patent is 17 years. Patent No. 1410542 was

to expire on March 22, 1939. Aronson and Jennie R. Zachs and William Zachs planned to secure a patent on the improvement during the years 1937 and 1938. Such patent would be good for 17 years after it was issued and could not be used without the Transparent Ruler. The result would be to extend the patent of No. 1410542, since few would care to use the original ruler without the improvement.

In 1933 Jennie R. Zachs began to devote her full time to the ruler business. She made various sales trips at the expense of the company, on one occasion going as far as the Pacific Coast. Aronson reposed the fullest confidence in her. She, on the other hand, was careful that her rights were protected by written agreement. On April 23, 1934, the company entered into a written agreement with her, whereby she agreed to "devote her full time and attention in the business of the corporation performing such duties as she had been accustomed to perform prior to the date of this agreement together with such other duties as may be delegated to her from time to time by the officers of the corporation." In consideration of such service she was to receive a salary of $30 a week and ten per cent of the entire profits ·of the business.

Later, Jennie R. Zachs told Aronson that her brother desired to go upon the road in furtherance of his upholstering business and desired her to remove the books and papers of the ruler business from the location of Aronson's printing business to the location of Zachs' upholstering business, so that, while running the ruler business, she could look after some office details of the upholstering business for her brother during his absence. She thereupon made such removal of the books and· papers of the ruler business. From then on her activities were removed from the· daily surveillance of Aronson. Because of the distance between Aronson's printing business and Zachs' upholstering business, Aronson, having full confidence in Jennie R. Zachs, signed checks in blank and ·gave·them to her to use in the ruler business.

Without the knowledge of Aronson, Jennie R. Zachs caused to be issued to her a patent No. 2095943. The papers in relation to this patent were drawn .by a skilful patent attorney. The description of the device patented and the claims made related to a "mathematical calculating device"

and not to a "printer's guide setter and registering aid", as in patent No. 1410542; but the only material difference between the two devices is the perforation of patent No. 1410542 with a hole. The device described in patent No. 2095943 is the same that Jennie R. Zachs and Aronson had discussed and manufactured for a number of years before the patent was issued to her for it.

In paying the patent attorney for securing the patent, Jennie R. Zachs used two of the checks of the Transparent Ruler Company signed by Aronson. She even entered such payments in the cash book of the corporation. And yet she now has the presumption to claim that she personally owns this patent No. 2095943.

In an unguarded answer upon the witness stand Jennie R. Zachs testified as follows:

"Q—Now did you—after you had discussed the idea, did you take it up with your employer?

"A—I told them I had evolved something which I thought was very good.

"Q—And what did they tell you?

"The Court—By 'they' what do you mean?

"A—I told it to the men at the Transparent Ruler Company or Mr. Zachs and Mr. Aronson.

"Q—Mr. Aronson on the witness stand here, that gentleman, you told him that?

"A—Yes, sir.

"Q—And what did he tell you to do or what did Zachs tell you to do?

"A—I was told that—

"Q—By whom?

"A—It was unanimous.

"The Court—Not unanimous. You were asked by whom?

"The Witness—By Mr. Aronson and Mr. Zachs, that if a patent was granted to me that I would be compensated by a different contract."

Here is no claim of ownership in the patent. She testifies that she was to "be compensated by a different contract."

On the expiration of patent No. 1410542 Jennie R. Zachs refused to assign to the Transparent Ruler Company the patent No. 2095943, unless she received a one-third interest in the business of the Transparent Ruler Company. As claimed by counsel for the company, she secured the issuance of this patent in her name and then held it over the head of the company as a threat to procure a better contract fron the company for her services.

On January 25, 1939, Jennie R. Zachs and the company executed a mutual release. By the terms of that release the employment of Jennie R. Zachs by the company was terminated; the corporation paid her $305.20 in wages due; she paid the corporation $139.20, cash paid by the corporation to the patent attorney who secured for Jennie R. Zachs the patent No. 2095943. This acceptance by the corporation and Aronson of Jennie R. Zachs' check for $139.20 is evidence in support of her claim; but it really proves nothing. In the same instrument of mutual release appears the contention of Aronson that patent No. 2095943 belongs to the corporation. Since the execution of the mutual release, Jennie R. Zachs has been selling the product described in the patent No. 2095943, using the firm name of C-Thru Ruler Company. She had all the books of the Transparent Ruler Company, and it was she who made personal contact with customers. How much business she has transacted during these nearly three years does not appear. That she has injured the business of the Transparent Ruler Company there can be no doubt. Likewise it is true that she has done this without right in law or equity.

The defendant has based her claims upon what she claims is the fact that she invented the device described in patent No. 2095943. I find as a fact that she did not invent it. It was suggested to her and Aronson by others in letters to the Transparent Ruler Company, and she and Aronson appropriated the idea, as they lawfully might do, working, as they were, for the corporation.

Aronson assigned a half interest in patent No. 1410542 to William Zachs and agreed to assign to William Zachs other patents, improvements or extensions pertaining to the

transparent ruler idea covered by such patent. Aronson cannot assign unto William Zachs a half interest in patent No. 2095943 until he has possession of it. Aronson and William Zachs gave unto the Transparent Ruler Company a written license to use such patents, etc.

It is decreed—

1. That the defendants, their servants and agents be and they are enjoined from manufacturing, offering for sale and selling any device or devices or articles bearing the imprint or stamp thereon of patent No. 2095943.

2. That the defendant Jennie R. Zachs do forthwith execute and deliver unto Meyer L. Aronson a good and sufficient bill of sale of Letters Patent 2095943.

3. That the defendants do account for and pay unto the Transparent Ruler Company all profits which they or either of them have or has realized upon sales of any articles sold by them or either of them upon which is or was stamped or placed the patent No. 2095943.